IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOVITO L. CANENCIA, EDELIA E. CANENCIA, NICK P. DE GUZMAN, GRACE M. DE GUZMAN, PAULINO H. OBENIETA, AMELIA C. OBENIETA, CURTIS DANTIN, SR. and MICHAEL BRANDENBURG<br><br>PLAINTIFFS<br><br>VS.<br><br>BLACK ELK ENERGY, LLC, BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC, WOOD GROUP USA, INC., COMPASS ENGINEERING AND CONSULTANTS, L.L.C., ENVIRO-TECH SPECIALITIES, INC.<br><br>DEFENDANTS. | CIVIL ACTION NO. |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs Jovito L. Canencia, Edelia E. Canencia, Nick P. De Guzman, Grace M. De Guzman, Paulino H. Obenieta, Amelia C. Obenieta, Curtis Dantin, Sr. and Michael Brandenburg (collectively "Plaintiffs"), complaining of Defendants Black Elk Energy, LLC, Black Elk Energy Offshore Operations, LLC, Wood Group USA, Inc., Compass Engineering and Consultants, L.L.C., and Enviro-Tech Specialities, Inc. (all collectively "Defendants"), and would respectfully show unto this Honorable Court as follows:

### I. PARTIES

1.1     Plaintiffs Jovito L. Canencia, Edelia E. Canencia, Nick P. De Guzman, Grace M. De Guzman, Paulino H. Obenieta, and Amelia C. Obenieta are citizens and residents of the Philippines.

1.2     Plaintiff Curtis Dantin, Sr., is a United States citizen and resident of the state of Louisiana.

1.3     Plaintiff Michael Brandenburg, is a United States citizen and resident of the state of Louisiana.

1.4     Defendant Black Elk Energy, LLC ("Black Elk Energy"), is a Texas limited liability company with its principal place of business in Houston, Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, James F. Hagemeier, 11451 Katy Freeway, Suite 500, Houston, TX 77079.

1.5     Defendant Black Elk Energy Offshore Operations, LLC ("Black Elk Energy Offshore"), is a Texas limited liability company with its principal place of business in Houston, Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

1.6     Defendant Wood Group USA, Inc., is a Texas corporation with its principal place of business in Houston, Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1.7     Defendant Compass Engineering and Consultants, L.L.C. ("Compass"), is a foreign limited liability company with its principal place of business in Lafayette, Louisiana. Compass does not have a designated agent upon whom service of process may be had for causes of action arising

out of business done in the State of Texas. This suit arises out of Compass's contacts in the State of Texas, and pursuant to Texas Civil Practice and Remedies Code section 17.044(b), service of process is to be made by serving the Secretary of State of Texas as agent for Compass.

In accordance with Texas Civil Practice and Remedies Code section 17.045, the Texas Secretary of State is requested to forward a copy of this Complaint, along with Summons, to Compass, by forwarding same via certified mail, return receipt requested, to Defendant Compass Engineering and Consultants, L.L.C., care of its agent for service of process, Hewitt Brooks Bernard, 2505 Southwest Evangeline Throughway, Lafayette, LA 70508..

1.8     Defendant Enviro-Tech Specialities, Inc. ("Enviro-Tech"), is a Texas corporation with its principal place of business in Houston, Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Mary Ann Fox, 2209 W. Lawther Lane, Deer Park, TX 77536.

## II. JURISDICTION AND VENUE

2.1     This negligence cause of action is brought pursuant to 28 U.S.C. section 1331 (federal question), and the Outer Continental Shelf Lands Act, 43 U.S.C. sections 1331, *et seq*.

2.2     Venue is proper in this District and Division as one or more Defendants are located within this District and/or Division.

## III. FACTS

3.1     This suit is necessary to collect damages due and owing Plaintiffs because of an incident that occurred on or about November 16, 2012. On that date, Plaintiffs were employed by Grand Isle Shipyard, working on Black Elk Energy and/or Black Elk Energy Offshore's West Delta

32 production platform located offshore Grand Isle, Jefferson Parish, Louisiana (the "Platform"). At all times material hereto, the platform was owned and/or operated by Defendants Black Elk Energy and/or Black Elk Energy Offshore.

3.2     On or about November 16, 2012, Plaintiffs sustained serious and debilitating bodily and mental injuries when suddenly and without warning an explosion and fire erupted during a pipe cutting operation being conducted on the Platform.  Plaintiffs would show that nothing they did or failed to do on the occasion in question caused or in any way contributed to cause their injuries.  To the contrary, the occurrence in which Plaintiffs were injured, and the injuries which they sustained, were proximately caused by the negligence, as that term is understood in law, on the part of Defendants and/or their agents, servants and/or employees, including their company man or men, all of whom were acting in the course and scope of their employment or agency for Defendants at all times material to this cause of action.

3.3     The fire and explosion in question injuring these Plaintiffs and others was the result of negligent actions of these Defendants, expected or intended from their standpoint, and as such were tantamount to intentional acts.  Consequently, these Plaintiffs are entitled to punitive damages for this intentional and grossly negligent conduct. In particular, Defendants Black Elk Energy and/or Black Elk Energy Offshore, and the Wood Group, are liable for gross negligence and punitive damages under Texas law.  Defendants were in overall charge of safety at the job site in question, and Defendants owed Plaintiffs a duty to exercise reasonable care to insure that all work on the Platform and elsewhere pertinent, was done in a safe and prudent manner.

### IV. NEGLIGENCE

4.1     Plaintiffs re-allege all foregoing paragraphs as though fully again set forth.

4.2     Defendants Black Elk Energy and/or Black Elk Energy Offshore, and the other Defendants, here conspired to cover up the cause of the injuries and losses made the basis of this suit, by providing false information to the regulatory authorities in order to avoid or minimize liability.

4.3     Defendants' conduct as set forth above constituted negligence and gross negligence, as those terms are understood in law, and such conduct was a proximate cause of the Plaintiffs' injuries and losses made the basis of this suit.

4.4     Defendants were negligent, through acts and omissions of their agents, servants, and/or employees, including their company man or men, in the course and scope of their employment, individually and/or collectively.

## V.  DAMAGES

5.1     Plaintiffs re-allege all foregoing paragraphs as though fully again set forth.

5.2     As a direct and proximate result of the Defendants' conduct, Plaintiffs suffered bodily and mental injuries and the following resultant damages, of at least $100,000,000, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and in the future; and (h) punitive damages of at least $300,000,000.

5.3     All damages alleged are the result of actions "expected or intended" from the standpoint of these Defendants.

## VI.  PRE-JUDGMENT INTEREST

6.1     Plaintiffs re-allege all foregoing paragraphs as though fully again set forth.

6.2     Plaintiffs are entitled to recovery of pre-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs specifically sue for recovery of pre-judgment interest from the date of the occurrence made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Texas, and other law if and as applicable.

6.3     By reason of the above and foregoing actual damages, Plaintiffs here and now sue for a just and reasonable sum, in excess of $100,000,000, and punitive damages of at least $300,000,000, all exclusive of interest and costs.

## VII. JURY DEMAND

7.1     Plaintiffs demand a trial by jury herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and for judgment against all Defendants for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which they may be entitled.

Respectfully submitted,

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
SBN 18869600 / Federal ID 5369
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656
Email:        fspagnoletti@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
ATTORNEYS FOR PLAINTIFFS